## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JONATHAN WERMAN ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| EQUIFAX INFORMATION ) | JURY TRIAL DEMANDED |
| SERVICES LLC ) | |
| ) | |
| Defendant. ) | |

### PREMLIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Jonathan Werman, against Defendant for violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §§ 1681, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court Arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391 (b).

### PARTIES

4. Plaintiff Jonathan Werman is an adult individual consumer residing in Highland Beach, FL.

5. Defendant, Equifax Information Services LLC, ("Equifax"), is a consumer reporting agency which regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 1550 Peachtree St., NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least May 2024 through present. The inaccurate information includes a Chapter 7 Bankruptcy case.

7. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

8. The inaccurate information consists of accounts and/ or tradelines that do not belong to the Plaintiff and that actually belong to at least one other consumer.

9. Due to Defendant's faulty procedures, Defendant mixed the credit file of at least one other consumer with respect to the inaccurate information and other person identifying information.

10. Defendant has been reporting inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

Defendant has repeatedly published and disseminated consumer reports to such third parties from at least May 2024 through the present.

11. Plaintiff's credit report and file has been obtained from Defendant and has been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendant by such third parties from at least May 2024 through the present.

12. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLAIMS
## COUNT ONE – VIOLATIONS OF THE FCRA

15. Plaintiff incorporates the foregoing paragraphs as though the same set forth at length herein.

16. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent to hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

20. The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

21. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Cost and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY:  /s/ *Jeffrey Sand*
JEFFREY SAND, ESQUIRE
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
(404) 205-5029

 /s/ *Joseph L. Gentilcore*
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street
Suite 2510
Philadelphia, PA 19103

(215) 735-8600
jgentilcore@consumerlawfirm.com
*(pro hac vice application forthcoming)*

Attorneys for Plaintiff

Dated: August 30, 2024